

**FILED**

FEB 27 2018

Clerk, U.S. District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| RICKY COOLEY,<br><br>Petitioner,<br><br>vs.<br><br>JAMES SALMONSON,<br><br>Respondents. | Cause No. CV 18-11-BU-BMM-JCL<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

On February 8, 2018, Petitioner Ricky Cooley filed a petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254, (doc. 1), which was amended on February 20, 2018. (Doc. 5). Cooley is a state prisoner proceeding pro se.

### I.     Motion to Proceed In Forma Pauperis

Cooley has applied to proceed in forma pauperis. (Doc. 2). Because there is no reason to delay this action, Cooley's motion will be GRANTED.

### II.    28 U.S.C. § 2254 Petition

On October 10, 2017, Cooley was committed to the Montana Department of Corrections (DOC) for 10 years, with 5 years suspended, following convictions for three counts of Theft of a Motor Vehicle in Montana's Second Judicial District, Butte-Silver Bow County. (Doc. 5 at 2). Apparently, there is also an outstanding

"parolee at large" warrant for Mr. Cooley out of the State of Louisiana. *Id.* at 3, ¶ 15(A); *see also* (Doc. 1 at 1). While Mr. Cooley anticipated that his commitment to the DOC would entail placement in a treatment facility, the existence of the out of state warrant compelled DOC officials to decline Cooley's placement in a treatment facility. (Doc. 1 at 2). Mr. Cooley is currently at the Montana State Prison and has not received any treatment. *Id.* Cooley asks this Court to order the State of Montana to either execute the Louisiana warrant or vacate the warrant as invalid in order allow Mr. Cooley treatment and eventual reintegration to society. *Id.* Mr. Cooley believes his current placement violates the spirit of the plea agreement he accepted. (Doc. 5 at 3, ¶ 15(A)).

### i. Analysis

For the reasons discussed below, Cooley's petition should be dismissed because the claims he advances relative to his current custody have not yet been exhausted. Dismissal should be without prejudice.

Federal courts may not grant a writ of habeas corpus brought by an individual in custody pursuant to a state court judgment unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. §2254(b)(1)(A). The exhaustion requirement is grounded in the principles of comity and gives states the first opportunity to correct alleged violations of a prisoner's federal rights. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

To meet the exhaustion requirement, a petitioner must (1) use the "remedies available," § 2254(b)(1)(A), through the state's established procedures for appellate review, *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); (2) describe "the federal legal theory on which his claim is based," *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008); and (3) describe "the operative facts . . . necessary to give application to the constitutional principle upon which the petitioner relies," *id.* See also *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996) (discussing *Picard v. Connor*, 404 U.S. 270 (1971) and *Anderson v. Harless*, 459 U.S. 4 (1982)). A petitioner must meet all three prongs of the test in one proceeding.

As an initial matter, it does not appear that Cooley advances a claim that is cognizable in federal habeas. A state prisoner is entitled to federal habeas relief only if he is being held in custody in violation of the constitution, laws, or treaties of the United States. 28 U.S.C. §2254(a). Unless an issue of federal constitutional or statutory law is implicated by the facts presented, the claim is not cognizable under federal habeas corpus. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991).

Inmates do not have a constitutional right to be incarcerated at a particular facility or in a particular unit within a facility. See, *Montayne v. Haymes*, 427 U.S. 236, 242-43 (1978) (no constitutional right to be housed in a particular state prison); *Meachum v. Fano*, 427 U.S. 215, 224 (1976)(no due process protections required upon the discretionary transfer of state prisoners to a substantially less

3

agreeable prison). The Supreme Court has held that transfer of a prisoner to a more restrictive environment, even if it imposes "severe hardships" on an individual, does not impinge on a liberty interest. *Hewitt v. Helms*, 459 U.S. 460, 467 (1983). Correspondingly, the disinclination of an institution to transfer an individual to a less restrictive environment does not impinge on a constitutional liberty interest. *Badea v. Cox*, 931 F. 2d 573, 576 (9th Cir. 1991). Thus, Cooley's desire for a placement at a treatment facility rather than the Montana State Prison does not give rise to a protected liberty interest.

But even assuming Cooley could state a cognizable claim at this juncture, it does not relieve him of the burden of first presenting such a claim to the state courts. The Court has reviewed the Montana Supreme Court Docket, and it does not appear that Cooley has attempted to file any action challenging his current placement or any process to which he believes he has been denied.[1] Moreover, Cooley's Amended Petition reveals he has not sought any appellate or collateral relief in the state court system. *See* (Doc. 5 at 2-3).

Accordingly, there are still remedies available to Cooley under state law, including extraordinary, direct, and collateral review. Because Cooley has not yet exhausted his available state court remedies, this Court cannot review the claim.

---

[1] See generally: https://supremecourtdocket.mt.gov/search/acsearch (accessed February 27, 2018).

4

*See Rose v. Lundy*, 455 U.S. 509 (1982). Dismissal is without prejudice and Cooley may return to this Court if and when he fully exhausts the claims relative to his current custody in the state courts.

### ii. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012) (quoting *Slack*, 529 U.S. at 484).

Cooley has not made a substantial showing that he was deprived of a constitutional right. Further, because his petition is unexhausted, reasonable jurists would find no basis to encourage further proceedings. There are no close questions and there is no reason to encourage further proceedings in this Court. A

certificate of appealability should be denied.

Based on the foregoing, the Court makes the following:

## ORDER

1. Mr. Cooley's Motion for Leave to Proceed in Forma Pauperis (Doc. 2) is GRANTED.

## RECOMMENDATION

1. The Petition (Doc. 1) should be DISMISSED as unexhausted.

2. The Clerk of Court should be directed to enter by separate document a judgment in favor of Respondents and against Petitioner.

3. A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Cooley may object to this Findings and Recommendation within 14 days.[2] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Mr. Cooley must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address."</u> Failure to do so may result in

---

[2] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Cooley is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.

dismissal of his case without notice to him.

DATED this 27th day of February, 2018.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge